# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | Criminal Action No. 08-00193-KD |
| ) | |
| KEITH MORRELL, JR., ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

This action is before the Court on the motion for reconsideration which the Court construes as a motion for early termination of supervised release filed by Defendant Keith Morrell, Jr. (doc. 56). Upon consideration, and for the reasons set forth herein, the motion is DENIED. [1]

Morrell pled guilty to Count One of the Indictment charging the offense possession with intent to distribute crack cocaine (docs. 1, 18, 19). On December 19, 2008, he was sentenced to a term of imprisonment of one hundred and twenty (120) months (doc. 24). Morrell was released and began his eight-year term of supervised release on July 26, 2018. His supervised release was revoked in October 2020, and he was sentenced to thirty-six (36) months in prison followed by a thirty-six (36) month term of supervised release (doc. 40). His supervised release was revoked in August 2021, and he was sentenced to ten (10) months in prison followed by a thirty-six (36) month term of supervised release (doc. 53). He was released and supervision commenced on

---

[1] No evidentiary hearing is necessary when the district court denies the motion. United States v. Reagan, 162 Fed. Appx. 912, 913 (11th Cir. 2006) ("A refusal to terminate supervised release does not constitute a modification of the term of supervised release. Accordingly, the district court was not required to hold an evidentiary hearing before denying Reagan's motion."); United States v. Smith, 2010 WL 716495, at *2 (M.D. Fla. Feb. 25, 2010) (same) (citing United States v. Reagan, 162 Fed. Appx. at 913).

May 20, 2022.  Morrell is currently in the Mobile County Metro Jail (doc. 56).  He was arrested for the offenses of theft of property and obstructing justice by using a false identity (doc. 62, p. 2-3).  His supervision should end in May 2025.

    Morrell moves the Court for early termination of supervision (doc. 56). Morrell appears to argue that his sentence should be reduced under the First Step Act of 2018, which made retroactive certain provisions of the Fair Sentencing Act increasing the quantity of crack cocaine necessary to mandate statutory minimum sentences. He argues that if the Court grants relief and reduces his sentence he "has clearly completed his time" and the Court should "terminate his probation", i.e., supervised release (Id.).  Morrell mistakenly writes that term of supervision is five years instead of eight years (Id.)

    The United States argues that Morrell's motion is properly construed under 18 U.S.C. § 3583(e)(1) and upon consideration of the relevant sentencing factors, the motion should be denied (doc. 62).  The United States, after explaining the First Step Act and the Fair Sentencing Act, stated that had Morrell received relief under the First Step Act, his term of supervision would have been six years because of a prior conviction for a felony drug offense.[2]

    The United States concedes that the Court could terminate Morrell's supervised release but the interests of justice weigh against early termination.  The United States argues that the sentencing factors in 18 U.S.C. § 3553(a) do not weigh in Morrell's favor, that continued

---

[2] The United States also points out that Morrell filed this motion after completion of his original prison sentence and completion of the prison sentence imposed on the second revocation. The United States argues that there is no sentence of imprisonment left to reduce. The Court agrees. See United States v. Askew, 823 Fed. Appx. 771, 775 (11th Cir. 2020) (finding that Askew has "nothing left to reduce" because he had "finished serving both his drug and firearm sentences before the First Step Act was … enacted in December 2018").

supervision would deter his criminal conduct and protect the public, and that Morrell has breached the Court's trust by repeatedly violating the terms and conditions of his supervised release.

Pursuant to 18 U.S.C. § 3583(e)(1), after consideration of the relevant factors in 18 U.S.C. § 3553(a), the Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

The requisite one-year of supervised release has expired.  Therefore, the Court considers the "nature and circumstances of the offense" and Morrell's "history and characteristics", as well as the "need for the sentence imposed … to reflect the seriousness of the offense, to promote respect for the law, … to provide just punishment" …"to afford adequate deterrence to criminal conduct", and "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1), (a)(2)(A)-(C).  Upon consideration, the Court finds that Morrell's non-compliance with conditions of supervision which resulted in two revocations of supervision and the relevant factors identified herein, including the nature and circumstances of his offense, his history and characteristics and the need to protect the public from further crimes of the defendant, weigh heavily in favor of denying his motion.  Accordingly, the Court is not satisfied that early termination is warranted, 18 U.S.C. § 3583(e)(1), and Morrell's motion is due to be denied.

**DONE** and **ORDERED** this the 28th day of March 2024.

                                            **/s / Kristi K. DuBose**
                                            **KRISTI K. DuBOSE**
                                            **UNITED STATES DISTRICT JUDGE**